Total pages: 3
JAMES E. SALVEN
Chapter 7 Trustee
8427 N. Millbrook Ave., Ste. 101
Fresno, California 93720
(559) 230-1095

# IN THE UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of | Case No. 10-15248-B-7 |
| | DC No. JES-1 |
| **Gerald & Rachael Britton,** | **MOTION FOR AUTHORIZATION TO SELL PERSONAL PROPERTY** |
| Debtor(s). / | Date: 08/31/11<br>Time: 10:00 a.m.<br>Dept: B |

TO THE HONORABLE W. Richard Lee, UNITED STATES BANKRUPTCY JUDGE:

James Salven respectfully represents:

1. He is the duly appointed, qualified and acting trustee of the above-entitled estate.

2. The above-captioned case was filed under Chapter 7 on 05/11/10 and Beth Stratton was appointed trustee. Ms. Stratton resigned 11/01/10 and James Salven was appointed successor.

3. This Court has jurisdiction over this proceeding by virtue of 28 U.S.C. §1334(a). This is a "core" proceeding pursuant to 28 U.S.C. §157(b)(2)(A). This motion is brought pursuant to 11 U.S.C. §363.

4. Among the assets of this estate is a 1/4th residual beneficiary interest in the Francis and Priscilla Britton Family

Trust(hereinafter Family Trust)-both settlers are deceased.

5. The only assets of the Family Trust is cash(in the amount of $23,499.73 as of 05/31/11) and a rental property located at 1700 Second Street in Atwater, California(with an estimated value of no more than $70,000). If these assets were reduced to cash today the interest of the bankruptcy estate would be no more than $23,750 before liquidation and administrative costs.

6. The other three beneficiaries are disinclined, at this time, to liquidate the real property; thus to force a sale(which it appears the Family Trust terms would not allow) would cause the estate to incur both time delays and substantial costs.

7. The trustee has obtained an offer from Donna Farmer, in her capacity as the Family Trust trustee, the bankruptcy estate's interest in the Family Trust for the sum of $18,000. Funds have been deposited with the estate subject to court approval.

8. The trustee has not agreed to pay commissions to any party in connection with the proposed sale.

9. There are no adverse tax consequences from the sale.

10. Said offer is the best and highest offer received for said property and, in the opinion of the trustee, said offer is for the full and fair market value of said property(after consideration of potential costs to litigate and liquidate).

11. The trustee believes that confirmation of said sale on the terms set forth above is in the best interest of the creditors of this estate and all parties in interest.

12. Confirmation of this sale will allow the estate to

proceed to distribution and closing.

**WHEREFORE**, the trustee prays that after appropriate notice and opportunity to be heard, he be authorized to sell the above-described asset to the Family Trust.

DATED: 7/18/11

JAMES E. SALVEN,
Movant